IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL WILSON, | § | |
| | § | No. 230, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1702006069 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 5, 2021
Decided: October 21, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The *pro se* appellant, Michael Wilson, initially filed this appeal from his sentencing for a violation of probation ("VOP") and then filed an amended notice of appeal that also appears to challenge a Superior Court order denying a motion for modification of sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Wilson's opening brief that his appeal is without merit. We agree and affirm.

(2)     In December 2017, a Superior Court jury found Wilson guilty of aggravated possession of cocaine[1] and misdemeanor marijuana possession and found him not guilty of other charges.  The Superior Court sentenced Wilson for aggravated possession to fifteen years of incarceration, suspended after three years at Level V Key, suspended after successful completion of the Key program for decreasing levels of supervision.  For the marijuana-possession offense, the Superior Court ordered Wilson to pay a $150 fine.

(3)     On July 22, 2019, and January 6, 2020, the Superior Court found Wilson to be in violation of probation and issued VOP sentence orders.  In October 2020, a probation officer filed VOP reports asserting that Wilson was again in violation of probation.  The reports alleged that Wilson had violated his curfew in September 2020 and had been arrested and charged with new drug offenses after being found in possession of ninety bags of heroin, a digital scale, $653 cash, and drug-packaging materials on October 6, 2020.  At a VOP hearing on July 8, 2021, the Superior Court found Wilson in violation of probation.  The court imposed a VOP sentence for aggravated possession of twelve years, eleven months at supervision Level V, with credit for fifty-seven days previously served, suspended for one year at supervision Level V DOC Discretion, suspended after successful

---

[1] *See Wilson v. State*, 140, 2018, Docket Entry No. 21, at A147, A207 (Del.) (filed July 18, 2018) (jury instructions and verdict regarding aggravated-possession charge).

completion of supervision Level V DOC Discretion for decreasing levels of supervision.

(4) Wilson filed a timely notice of appeal from the VOP sentence. At around the same time, he also filed in the Superior Court a document entitled "Sentencing Appeal." The Superior Court treated the document as a motion for modification of sentence and denied the motion on July 23, 2021. On August 6, 2021, Wilson filed in this Court an official Form A notice of appeal from the "violation of pro[bation]" order "dated [] July 26, 2021." The Superior Court docket does not reflect any order dated July 26, 2021. We have considered this matter as an appeal from both the VOP sentence and from the July 23, 2021 order denying the motion for modification of sentence. For the reasons stated below, we conclude that Wilson's appeal is without merit.

(5) Wilson's first argument on appeal is that it is against the public interest to find a violation of probation "on account of a drug known as weed," which, according to Wilson, "is not only legal [but] encouraged." The rules of this Court direct the appellant to order a transcript and to include in his appendix those portions of the record that are relevant to any claims on appeal. Wilson "had the burden of producing such portions of the transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and . . . a

3

transcript of all evidence relevant to the challenged finding or conclusion."[2] Wilson has not provided a transcript of the VOP hearing, nor does the record reflect that he made any effort to obtain the transcript or to apply for preparation of the transcript at the State's expense; indeed, Wilson asserted in the notice of appeal that no transcripts were required. The lack of a transcript precludes this Court from determining on what basis Wilson was found to be in violation of probation.[3] But there is nothing in the record before us suggesting that Wilson's VOP adjudication was "on account of" marijuana or "weed." To the contrary, the VOP reports indicate that the alleged violations were based on possession of ninety bags of heroin and a curfew violation.

(6) Wilson also argues that he did not violate his curfew and that he possessed the digital scale because he was "setting up a business that required mailing smaller items in abundance" and using a scale to weigh the packages improved the efficiency of the business and reduced his shipping costs. Wilson's failure to request or provide transcripts precludes us from determining whether the VOP adjudication was based on the curfew violation or the possession of the scale.[4] But even if Wilson did not violate the curfew, or if he possessed the scale for

---

[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (internal quotations omitted).
[3] *See Henderson v. State*, 2020 WL 4668999 (Del. Aug. 7, 2020) (affirming the Superior Court's judgment in an appeal from a violation of probation proceeding because appellant's failure to provide transcript precluded review of whether he contested the VOP at the hearing or whether the evidence of the violation was sufficient).
[4] *Id.*

legitimate business reasons, his possession of ninety bags of heroin would have supported a determination that he was in violation of probation, and Wilson has failed to establish that the evidence presented at the hearing did not show, by a preponderance of the evidence, that he violated his probation.[5]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[5] *Id.*